UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FIFI MONIQUE GRAHAM,**  Plaintiff,  v.  **NORMAAM ASHRAF,**  Defendant. | Civ. No. 20-16680 (KM) (ESK)  **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Fifi Monique Graham, filed this action against Normaam Ashraf. For the reasons explained below, the Complaint (DE 1) will be dismissed on initial screening of this in forma pauperis ("IFP") case. The complaint asserts a state-law claim and does not state a basis for the jurisdiction of this federal court. To be clear, this is not a ruling on the merits of the case, and is entered without prejudice.

### I. Background[1]

Graham filed the Complaint on November 17, 2020. (DE 1). On November 24, 2020, the Court granted Graham's application to proceed IFP without payment of fees under 28 U.S.C. § 1915. (DE 2). On February 25, 2021, the Court dismissed the matter for lack of prosecution. (DE 4). On March 22, 2021, Graham sent a letter explaining that she had previously submitted a 285 form. Before issuing any summonses, however, the Court takes this opportunity to review the complaint, as it is required to do.

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

"DE_"   =   Docket Entry in this Case
"Compl."   =   Complaint (DE 1)

1

## II. Standard of Review

Because the Court has granted IFP status, I am obligated to screen the allegations of the Complaint to determine whether it:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to all individuals who are proceeding *in forma pauperis. See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

## III. Discussion

This Complaint fails to state a claim because it reveals on its face that the Court lacks subject matter jurisdiction.

Graham indicates that the basis for jurisdiction is both federal question and diversity of citizenship. Compl. at 2. The Complaint, however, asserts a claim for libel, a state-law tort. Compl. at 2. The action thus does not arise under the Constitution, laws, or treaties of the United States, and there is therefore no basis for federal question jurisdiction. See 28 U.S.C. § 1331. Further, both parties appear to be citizens of New Jersey. Compl. at 1-2. There is therefore no basis for diversity jurisdiction. See 28 U.S.C. § 1332(a).

## IV. Conclusion

For the reasons stated above, the complaint is DISMISSED upon initial screening pursuant to 28 U.S.C. § 1915(e), for lack of jurisdiction. An appropriate order accompanies this opinion.

Dated: March 25, 2021

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge